Virgil A. Iler, SBN 158460
virgil@ilerlaw.com
Brooks L. Iler, SBN 99020
brooks@ilerlaw.com
ILER & ILER, LLP
16466 Bernardo Center Dr. Suite 281
San Diego, CA 92128
Telephone (858) 592-6212
Facsimile (858) 592-6213

Attorneys for plaintiff, DANIEL MCMULLAN

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MCMULLAN,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, NOVARTIS CORPORATION DEATH BENEFIT AND DISABILITY PLAN,<br><br>Defendants, | CASE NO. '22CV0253 GPC BGS<br><br>**COMPLAINT FOR DISABILITY BENEFITS UNDER ERISA**<br><br>[29 U.S. Code Section 1132(a)(1)(B)] |

Plaintiff DANIEL MCMULLAN alleges as follows:

1. At all times mentioned herein plaintiff, DANIEL MCMULLAN, was an individual residing in San Diego County, California.

2. On approximately June 21, 1999, plaintiff became employed in the County of San Diego, State of California, for Novartis Corporation, as a scientist. At the time of his disability, he was employed as a Principal Scientist II (leader scientist).

3. Plaintiff's employer, Novartis Corporation, sponsored a Long-Term Disability (hereafter referred to as "LTD") Plan (known as defendant NOVARTIS

CORPORATION DEATH BENEFIT AND DISABILITY PLAN, hereafter referred to as "The Plan"), which benefits for The Plan were funded through the Novartis Corporation. Defendant METROPOLITAN LIFE INSURANCE COMPANY (hereafter referred to as "METLIFE"), acted as the administrator and fiduciary to The Plan. Defendant METLIFE is a corporation licensed to administer and act as fiduciary for employer disability plans in the State of California, with a principal place of business in the State of New York.

4. The employer-sponsored and funded disability plan and the claim at issue in this action are governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S. Code Section 1001. et. seq.

5. On or about January 4, 2020, plaintiff became disabled within the definition of The Plan, and soon thereafter, and in a timely fashion, he made a claim for short term disability benefits which were paid; benefits were initially paid for a brief period of time, whereafter plaintiff returned to work full-time on May 11, 2020 but then became disabled again on October 28, 2020, whereafter he again received disability benefits through January 4, 2021, at which time his short term disability benefits were exhausted. On January 5, 2021, the plaintiff began to receive LTD benefits under The Plan until they were cut off; plaintiff remains disabled as defined by The Plan to this date and continues to be eligible for benefits under The Plan.

6. On or about August 2, 2021, defendant METLIFE denied the LTD claim effective July 31, 2021.

7. Plaintiff made a timely administrative appeal of the denial of his LTD claim; the administrative appeal was denied in a letter dated February 8, 2022, thereby exhausting plaintiff's administrative appeals.

WHEREFOR, plaintiff prays judgment from the Court:

1. Declaring that plaintiff is covered for past and ongoing disability benefits under The Plan.

  2. For past-due benefits in the amount of approximately $42,900 through the date of filing, and additional benefits accumulating at the rate of approximately $6,126.68 per month.

  3. For reasonable attorney's fees.

  4. For costs of suit herein.

  5. For such other relief as the court deems proper.

Dated: February 24, 2022      **ILER & ILER, LLP**

           By: <u>s/ Virgil A. Iler</u>
             Virgil A. Iler
             Brooks L. Iler
             Attorneys for Plaintiff,
             DANIEL MCMULLAN